IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JAY WILLIAMS | § | |
| v. | § | CIVIL ACTION NO. 6:23cv354 |
| JUDGE NANCY PERRYMAN, ET AL. | § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Jay Williams, a prisoner currently confined in the Henderson County Jail in Athens, Texas proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Plaintiff is a well-known vexatious litigator and has filed dozens of lawsuits over the past few months. The present case, like many of his past ones, names a large number of public officials including state and federal judges and the mayors of the towns of Athens and Gun Barrel City. He does not present any coherent statement of claim, but simply asserts that the judges have breached the canons of ethics, the courts lack integrity, and the Defendants have committed treason and breached unspecified fiduciary duties. He contends that the prosecutors in Henderson County are "prosecuting without authority" and says that the State of Texas and Henderson County are "corporations" but there are no written and signed contracts by any members of the Williams family or the Dennis family. Plaintiff further complains that the Court is "refusing to acknowledge Jay Williams as one of We the People also known as Government" and refusing to follow federal law.

Court records show that at least three of Plaintiff's prior lawsuits have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Williams c/o Brown v. Hillhouse*, civil action no. 6:23cv212 (dismissed as frivolous or for failure to state a claim on June

1

30, 2023); *Williams v. Shine*, civil action no. 6:23cv219 (dismissed as frivolous or for failure to state a claim on June 30, 2023); *Williams v. Barnett*, civil action no. 6:23cv222 (dismissed as frivolous or failure to state a claim on June 30, 2023); *Williams c/o Williams v. Perryman*, civil action no. 6:23cv214 (dismissed as frivolous or for failure to state a claim on June 30, 2023); *Williams v. Hillhouse*, civil action no. 6:23cv230 (dismissed as frivolous on June 28, 2023); *Williams v. Davis*, civil action no. 6:23cv236 (dismissed as frivolous on June 28, 2023).

28 U.S.C. §1915(g), added by Act of Congress on April 26, 1996 as part of the Prison Litigation Reform Act, provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Because Plaintiff has three strikes and thus falls under the Act, he cannot proceed under the *in forma pauperis* statute unless he shows that he was in imminent danger of serious physical injury as of the date of the filing of the lawsuit. *See Baños v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998). This imminent danger must relate to the allegations of the complaint. *Judd v. Federal Elections Commission*, 311 F.App'x 730, 2009 U.S. App. LEXIS 3464, 2009 WL 423966 (5th Cir., February 20, 2009).

In order to meet the imminent danger requirement of §1915(g), the threat must be "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time that the complaint or notice of appeal is filed, and the exception refers to "a genuine emergency" where "time is pressing." *Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003). In passing the statute, Congress intended a safety valve to prevent impending harms, not those which had already occurred. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3rd Cir. 2001). In that case, the Third Circuit rejected a claim that allegations of having been sprayed with pepper spray, combined with a claim that prison officials

engaged in "continuing harassment, plots to hurt or kill him, and other forms of retaliation," sufficiently alleged imminent danger.

This Court and others have held that the prisoner must allege specific facts showing he is under imminent danger of serious physical injury at the time of the filing of the lawsuit; general allegations not grounded in specific facts indicating serious physical injury is imminent are not sufficient to invoke the exception to §1915(g). *Fuller v. Wilcox*, 288 F.App'x 509, 2008 U.S. App. LEXIS 16581, 2008 WL 2961388 (10th Cir., August 4, 2008), *citing Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *Hyder v. Obama*, civil action no. 5:11cv26, 2011 U.S. Dist. LEXIS 31300, 2011 WL 1113496 (E.D.Tex., March 11, 2011, *Report adopted at* 2011 U.S. Dist. LEXIS 31288, 2011 WL 1100126 (E.D.Tex., March 24, 2011); *Valdez v. Bush*, civil action no. 3:08cv1481, 2008 U.S. Dist. LEXIS 118452, 2008 WL 4710808 (S.D.Tex., October 24, 2008).

Plaintiff's conclusory and inchoate claims wholly fail to show that he is in imminent danger of serious physical injury as a result of the allegations forming the basis of his claims. Consequently, he is barred from proceeding *in forma pauperis*.

## RECOMMENDATION

It is accordingly recommended that the Plaintiff be denied *in forma pauperis* status and that the above-styled civil rights lawsuit be dismissed with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit upon payment of the full $402.00 filing fee or proof that Plaintiff is in imminent danger of serious physical injury related to the basis of the complaint.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this 14th day of August, 2023.

_____
Zack Hawthorn
United States Magistrate Judge