IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JAY WILLIAMS | § | |
| v. | § | CIVIL ACTION NO. 6:23cv354 |
| JUDGE NANCY PERRYMAN, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Jay Williams, an inmate of the Henderson County Jail proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. § 1983 complaining of alleged violations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and (3) and Local Rule CV-72 of the Local Rules of Court for the Eastern District of Texas.

Plaintiff sued numerous public officials including state and federal judges and the mayors of the towns of Athens and Gun Barrel City. He asserted that the judges have breached the canons of ethics, the courts lack integrity, and the Defendants have committed treason and breached unspecified fiduciary duties. Plaintiff also maintained that the prosecutors in Henderson County are "prosecuting without authority" and says that the State of Texas and Henderson County are "corporations" but there are no written and signed contracts by any members of the Williams family or the Dennis family. He argued that the Court is "refusing to acknowledge Jay Williams as one of We the People also known as Government" and that the Court is refusing to follow federal law.

The lawsuit was dismissed on November 8, 2023, because Plaintiff had previously filed at least three lawsuits or appeals which were dismissed as frivolous or for failure to state a claim upon which relief may be granted. He is therefore barred from proceeding *in forma pauperis* absent a

showing of imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Plaintiff did not pay the filing fee or make a plausible showing of imminent danger.

On February 12, 2024, Plaintiff filed a copy of the final judgment in the case, upon which he had written the following:

> I disagree. Tex. R. Civ. P. 11 agreements to be in writing. Attorney client privilege. Contact my lawyer. Tex. Civil Practice and Remedies Code § 111.003. 7020 0640 0002 3431 7269. Title 42 U.S.C. § 2000bb-1 Religious Freedom. E.O. 13798.

This document appears to challenge the final judgment and was received more than 28 days after the entry of this judgment, and consequently has been construed as a Rule 60(b) motion for relief from judgment. *Demahy v. Schwartz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012); *Evans v. Williams*, 372 F.App'x 543, 544 (5th Cir. 2010).

In a Rule 60(b) motion for relief from judgment, the movant must show that he is entitled to relief from judgment because of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misconduct, or misrepresentation of an adverse party; (4) that the judgment is void; (5) that the judgment has been satisfied; or (6) any other reason justifying the granting of relief from the judgment. Relief will be granted only in "unique circumstances," and the district court has considerable discretion in determining whether the movant has met any of the Rule 60(b) factors. *Pryor v. U.S. Postal Service*, 769 F.2d 281, 287 (5th Cir. 1985); *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991).

Plaintiff's motion does not set out any valid basis for challenging the final judgment. The Texas Rules of Civil Procedure do not govern proceedings in federal court, and neither the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb-1, nor Article 111.003 of the Texas Civil Practice and Remedies Code, which also concerns the protection of religious freedom, are pertinent to this case. Plaintiff has not satisfied any of the Rule 60(b) factors and his motion for relief from judgment is without merit.

## RECOMMENDATION

It is accordingly recommended that the Plaintiff's motion for relief from judgment (docket no. 18) be denied.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this 4th day of April, 2024.

_____
Zack Hawthorn
United States Magistrate Judge